J-S66034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT EUGENE WEAVER, SR., | : | |
| | : | |
| Appellant | : | No. 528 MDA 2014 |

Appeal from the PCRA Order entered on May 31, 2013
in the Court of Common Pleas of York County,
Criminal Division, No. CP-67-CR-0006160-2002

BEFORE: BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED NOVEMBER 18, 2014**

Robert Eugene Weaver, Sr. ("Weaver"), appeals from the Order

dismissing his third Petition for relief filed pursuant to the Post Conviction

Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. Additionally,

Weaver's counsel, Heather A. Reiner, Esquire ("Attorney Reiner"), has filed a

Petition to Withdraw as counsel, and an accompanying "no merit" letter

pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and

*Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We

affirm and grant Attorney Reiner's Petition to Withdraw.

This Court previously set forth the relevant history underlying this

appeal as follows:

> On July 16, 2003, a jury convicted [Weaver] of rape,
> involuntary deviate sexual intercourse [], sexual assault, and
> other related offenses [that Weaver] committed against his
> mentally challenged daughter. On November 17, 2003, the

[trial] court sentenced [Weaver] to eight and one-half (8½) to seventeen (17) years [in prison]. [Weaver] did not pursue a direct appeal.

On March 26, 2008, [Weaver] filed a *pro se* PCRA [P]etition alleging, *inter alia*, trial counsel was ineffective for failing to call as witnesses Betty Weaver, [Weaver's] wife, and Likeisha Weaver [hereinafter "Likeisha"], [Weaver's] grand-daughter, to testify on [Weaver's] behalf. The [PCRA] court appointed counsel and subsequently held a hearing on the matter. At the hearing, [Weaver's] PCRA counsel withdrew the claim with respect to calling Betty Weaver as a witness based on trial counsel's explanation that Mrs. Weaver's testimony would not have been beneficial to the defense, and it might not have been truthful.

Additionally, PCRA counsel conceded [that Weaver] had not informed trial counsel at any time about the existence of Likeisha [] and her potentially beneficial testimony; therefore, trial counsel was not ineffective for failing to call her as a witness. Instead, PCRA counsel argued [that Weaver] should be entitled to relief because his co-defendant, [Weaver's] son, was granted a new trial after he alleged in a **timely filed** PCRA petition that his **separate** trial counsel was ineffective for failing to call Likeisha [] as a witness, and [Weaver's] son had specifically asked counsel to do so.

On August 21, 2008, the PCRA court denied relief. On October 20, 2009, this Court affirmed, and the [Pennsylvania] Supreme Court subsequently denied allowance of appeal on July 7, 2010. **See Commonwealth v. Weaver**, 987 A.2d 827 (Pa. Super. 2009), *appeal denied*, 606 Pa. 686, 997 A.2d 1178 (2010) (unpublished memorandum).

**Commonwealth v. Weaver**, 37 A.3d 1247 (Pa. Super. 2011) (unpublished

memorandum at 1-2) (emphasis in original).

In September 2010, Weaver filed a second *pro se* PCRA Petition,

alleging, *inter alia*, that his trial counsel was ineffective for failing to timely

file a direct appeal, and his prior PCRA counsel was ineffective to the extent

that he incorrectly informed the PCRA court that Weaver never asked trial counsel to call Likeisha as a witness at trial, which, Weaver alleged, constituted a "newly discovered fact" that met one of the exceptions to the PCRA's jurisdictional timeliness requirement. In response to Weaver's PCRA Petition, the PCRA court appointed Richard Robinson, Esquire ("Attorney Robinson"), to represent Weaver. Following a hearing, the PCRA court dismissed the Petition as untimely, finding that Weaver had failed to meet any of the exceptions to the PCRA's time bar. The PCRA court additionally permitted Attorney Robinson to withdraw as Weaver's counsel.

In October 2011, this Court affirmed the dismissal of Weaver's second PCRA Petition. *See id.* Weaver did not seek allowance of appeal with the Pennsylvania Supreme Court following this Court's decision.

In April 2013, Weaver filed the instant *pro se* PCRA Petition, his third, after which the PCRA court appointed Attorney Reiner to represent Weaver.[1] In May 2013, the PCRA court dismissed Weaver's PCRA Petition without a hearing, after which Weaver filed a timely Notice of Appeal. The PCRA court ordered Weaver to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Attorney Reiner timely filed a Concise Statement.

---

[1] After reviewing the record, Attorney Reiner sent Weaver a letter stating her belief that the claims Weaver raised in his PCRA Petition did not entitle him to relief. Accordingly, Attorney Reiner did not file an amended PCRA petition on Weaver's behalf.

Before addressing the claims Weaver wishes to present on appeal, we must determine whether Attorney Reiner complied with the requirements of *Turner*/*Finley* in petitioning to withdraw as counsel. Pursuant to *Turner*/*Finley*, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Our Supreme Court in *Pitts* explained that such independent review requires proof of

> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the record; and
>
> 5) The PCRA court agreeing with counsel that the petition was meritless.

*Id.* (citation and brackets omitted).

Here, our review of the record discloses that Attorney Reiner has complied with each of the above requirements. In addition, Attorney Reiner sent Weaver copies of the no-merit letter and Petition to Withdraw, and advised him of his rights in lieu of representation in the event that the court granted her permission to withdraw, in compliance with *Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011). Since Attorney Reiner has

complied with the **Turner**/**Finley** requirements, we will proceed with our independent review of the record and the merits of Weaver's claims.

As Weaver has not filed a responsive brief, either *pro se* or with newly retained counsel,[2] we review the following issues raised in Attorney Reiner's **Turner**/**Finley** Brief, which she distilled from Weaver's *pro se* PCRA Petition:

1. [Whether Weaver is entitled to relief under the PCRA because his t]rial counsel failed to call Likeisha [] as a witness for [the] defense at trial[?]

2. [Whether the PCRA court erred in failing to find an impermissible conflict of interest in that] Attorney [] Robinson withdrew from representing [Weaver] because he went to work for the law firm of Duane Ramseur[, Esquire (hereinafter "Ramseur")?]

**Turner**/**Finley** Brief at 2.

First, Weaver asserts that the PCRA court erred in dismissing his PCRA Petition because he established that his trial counsel was ineffective for failing to call Likeisha as a witness for the defense, even though he requested that she be called as a witness. *Id.* at 3. Attorney Reiner opined that Weaver is not entitled to relief on this claim because it has been previously litigated. *Id.* We agree.

In order to be eligible for PCRA relief, a petitioner must plead and prove that his or her claim has not been previously litigated. *See* 42 Pa.C.S.A. § 9543(a)(3); *see also* 42 Pa.C.S.A. § 9544(a)(2) (providing that

---

[2] We observe that Weaver filed with this Court a *pro se* "Motion for Appointment of Counsel" on July 22, 2014. However, this Motion is not responsive to Attorney Reiner's Petition to Withdraw or **Turner**/**Finley** Brief.

"an issue has been previously litigated if[] … the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue").

This Court, in its October 28, 2011 Memorandum affirming the dismissal of Weaver's second PCRA Petition, thoroughly addressed this claim and concluded that it was previously litigated in connection with Weaver's first PCRA Petition. **See Weaver**, 37 A.3d 1247 (unpublished memorandum at 7-10). Accordingly, Weaver is not eligible for PCRA relief in the instant appeal regarding this claim. **See** 42 Pa.C.S.A. § 9543(a)(3); **see also Commonwealth v. Hutchins**, 760 A.2d 50, 55 (Pa. Super. 2000) (stating that a PCRA petitioner cannot obtain PCRA review of previously litigated claims by presenting those claims again in a PCRA petition and setting forth new theories in support thereof).

Moreover, the prior panel in **Weaver** pointed out that Weaver's second PCRA Petition was untimely,[3] and held that "[e]ven if it is true that [Weaver] told [his] trial counsel about Likeisha [] and asked counsel to call her as a witness at trial, [Weaver] knew [Likeisha] existed at the time of trial[,] and counsel's failure to call her cannot constitute a newly discovered fact to satisfy an exception to the PCRA's strict timeliness requirements." **Weaver**, 37 A.3d 1247 (unpublished memorandum at 10). Additionally, to the extent that Weaver's claim asserts ineffectiveness of his trial counsel and/or prior

---

[3] There is no dispute that Weaver's instant PCRA Petition, his third, is facially untimely.

PCRA counsel, it is well-settled that "[a]llegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citation omitted); *see also Weaver*, 37 A.3d 1247 (unpublished memorandum at 11) (stating that, to the extent that "[Weaver] complains that trial counsel failed to call [Likeisha] or that PCRA counsel was wrong when he conceded [that Weaver] had not asked trial counsel to call [Likeisha], neither claim can satisfy the newly discovered facts exception to the PCRA's timeliness requirements, because [Weaver] admittedly knew about the witness at the time of trial.") (emphasis omitted)).

Next, Weaver claims that there was an impermissible conflict of interest in that Attorney Robinson, who served as Weaver's PCRA counsel in connection with his second PCRA Petition, allegedly "resigned from his case and worked in a law firm with [] Ramseur, who previously worked in the [York County] District Attorney's Office." *See Turner*/*Finley* Brief at 3.

> Attorney Reiner opined that this claim lacks merit, stating as follows:
>
> Factually, this assertion cannot be supported[. Attorney Reiner] informed [Weaver] in a letter dated July 18, 2013, that Attorney Robinson has worked continuously with the same law firm of Miller, Poole and Lord, for over 20 years[,] and that [] Ramseur has worked … in the York County District Attorney's Office for over five years.

*Id.* Our review discloses that Attorney Reiner's position is supported by the record, and we likewise discern no merit to this claim.

Accordingly, because we conclude that the PCRA court neither abused its discretion nor committed an error of law by dismissing Weaver's third PCRA Petition, we grant Attorney Reiner's Petition to Withdraw and affirm the Order on appeal.  Additionally, we deny Weaver's July 22, 2014 *pro se* Motion for Appointment of Counsel.

Petition to Withdraw as counsel granted; Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2014